**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID YOUNG,

      Defendant - Appellant.

No. 15-4194
(D.C. Nos. 2:15-CV-00214-TC and 2:12-
CR-00502-TC-DBP-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

---

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

In 2007, David Young was serving in Afghanistan as a Lieutenant Colonel in the

United States Army.[1]  In that capacity he was privy to confidential information

concerning a government contract to train Afghan forces in weapons maintenance and

property book management.  He provided that privileged information to his friends and

co-defendants, Michael Taylor and Christopher Harris.  The information enabled Taylor's

company, American International Security Corporation (American International), to

secure the contract.  Harris and American International paid Young handsomely for his

---

[1] Young retired from the Army in January 2012 after completing five combat
tours.  He served most of his active duty in the Special Forces.  He has a master's degree
in psychology and a juris doctorate degree.

efforts ($9 million).

Young twice admitted to criminal conduct, first in pleading guilty to disclosure of procurement information and money laundering[2] and second in his statement accepting responsibility, pinning his hopes on a lenient sentence. He did not file a direct appeal. Nevertheless his 28 U.S.C. § 2255 motion[3] now claims his guilty plea was invalid for three reasons: ineffective assistance of counsel, the government's failure to turn over exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and prosecutorial misconduct. He also claims to be actually innocent.

The district judge denied the motion because Young had not established ineffective assistance of counsel. Young claimed his counsel had not conducted a thorough pre-trial investigation of exculpatory evidence and witnesses, but the judge decided the claim was inadequately supported, actually conclusory. She also noted Young's failure to inform her at his change of plea hearing of any dissatisfaction with counsel; to the contrary, he told her he was "very satisfied" with counsel. (R. Vol. 4 at 32.)

---

[2] Young was initially indicted with over 50 counts. He eventually pled guilty to a two-count information. In the plea agreement, the parties agreed to a sentence between 36 and 48 months. The plea agreement contained a waiver of the right to appeal the sentence unless it exceeded 48 months imprisonment. Young was sentenced to 42 months imprisonment.

[3] Young's first pro se amended § 2255 motion is the operative document. The judge later appointed counsel to represent him, but no amendments were sought by counsel. Young filed a pro se motion for leave to file a second amended § 2255 motion, *see infra* at 5-6. The judge did not rule on that motion. Appointed counsel continues to represent him in his request for a certificate of appealability.

Young also failed to show how his claims of prosecutorial misconduct[4] or the government's failure to turn over exculpatory (*Brady*) or other material information improperly influenced his guilty plea. At the time of his guilty plea Young had most of the documents he now claims prove his innocence. Moreover, at that critical time Young had a pending motion to compel discovery, asking for the very documents he now maintains the government withheld. Rather than continue a quest for disclosure, he chose to plead guilty. Not surprisingly, the judge considered the claims against the government and its attorneys to be "disingenuous." (*Id.* at 27.) Not only that, he did not state with any specificity what the allegedly withheld documents would have shown or which ones contain exculpatory evidence. "In effect, Mr. Young is asking the court to speculate, which the court may not do." (*Id.* at 28.)

Finally, she rejected his claim of actual innocence:

> Mr. Young's lengthy explanation in [his § 2255 motion] of why he is actually innocent is simply an attempt to recast the evidence in a new light. The evidence that Mr. Young maintains is proof of his innocence is not newly discovered evidence nor has Mr. Young shown that it is exculpatory. Mr. Young was assisted by very competent attorneys. He entered a knowing and voluntary plea of guilty. Mr. Young is bound by his guilty plea.

(*Id.* at 35.)

Young did not request a certificate of appealability (COA) from the district court. But, as he acknowledges, a COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will

---

[4] Relevant here, Young's prosecutorial misconduct claim was based on the government's alleged failure to turn over exculpatory evidence—the same conduct forming his *Brady* claim—and its alleged failure to search for and obtain documents.

issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Young's main complaint is that the judge denied his § 2255 motion without allowing discovery and without holding an evidentiary hearing. He says both were required because his § 2255 motion alleged sufficient facts, which, if proven, would show his guilty plea to have been neither knowing nor intelligent (for the three stated reasons) and his actual innocence.

But habeas petitioners are "not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quotation marks omitted). Instead, judges have the discretion to allow discovery in a § 2255 proceeding if the petitioner demonstrates "good cause" for it, that is, where the petitioner "has set forth good reason to believe he may be able to demonstrate he is entitled to relief." *Id*.; *see also* Rule 6(a) of the Rules Governing § 2255 Proceedings. Similarly, § 2255 does not require an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We have thoroughly reviewed the record and the district court's decision. Simply stated, the materials Young points to as proof of his innocence fail to do so. And his claim that other, unspecified exculpatory evidence exists is conclusory and speculative. On that

- 4 -

state of the trial record he was not entitled to more discovery or an evidentiary hearing. Moreover, counsel cannot be deemed ineffective for failing to tilt at windmills. Finally, and most importantly, his claim of innocence is belied by his repeated admission of guilt, which the district judge found to be knowing and voluntary. His convenient acknowledgment of guilt (when seeking reduced charges and a lenient sentence) is damning and his attempt now to undo those admissions is transparent—a clear case of buyer's remorse, little more.

Young also faults the judge for not ruling on his motion seeking leave to file a second amended § 2255 motion. His motion offered two reasons. First, he wanted to supplement his § 2255 motion with co-defendant Taylor's sentencing memorandum which <u>alleged</u> that the information the other co-defendant, Harris, provided to Taylor concerning the amount of the opposing bid was inaccurate. Young claims this evidence shows he did not disclose that information to Harris. But a co-defendant's sentencing memorandum is hardly compelling evidence and the district judge was obviously aware of it (for what it is worth) because it was filed before Young filed his § 2255 motions. But there is a more damning problem. Assuming Young did not disclose the amount of the opposing bid, that assumption does not detract from his disclosure of other confidential information sufficient to sustain his conviction—disclosure to which he twice admitted.[5]  Second, Young sought to amend his § 2255 motion to provide "new

---

[5] The information to which he pled guilty charged him with disclosing "contractor bid and proposal information" and "source selection information." (R. Vol. 3 at 199.) In his letter accepting responsibility, he admitted to disclosing (1) the staff summary sheet

information" showing the government intentionally avoided taking possession of *Brady* material.  (R. Vol. 2 at 190.)  But the only new information he pointed to was an attachment to the government's response to his § 2255 motion, a matter to which the judge was obviously privy.  All other allegations were conclusory and speculative.  Any further amendment of the motion would have been futile.  *Cf. Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (denial of leave to amend is appropriate when the proposed amendment would be futile).  We are loath to conduct a review of inconsequential oversights.

As a last gasp, Young wants us to supplement the record with a pro se Fed. R. Civ. P. 59(e) motion he presented to the district court clerk's office but was not accepted for filing.  He also asks us to remand to the district court for the judge to consider the motion in the first instance.  We decline to do either.  Since Young attempted to file the motion while he was still represented by appointed counsel, he violated Rule 83-1.3(d) of the District of Utah's local civil rules, which prohibits a represented party from acting on his own behalf.  Moreover, we generally decline to allow the record to be supplemented with documents not filed with the district court.  Fed. R. App. P. 10(a),(e); *see also United States v. Kennedy*, 225 F.3d 1187, 1191-93 (10th Cir. 2000).  We see no reason to depart from that rule here.

No reasonable jurist could debate the propriety of the district judge's procedural or substantive rulings in this case.  Therefore, we **DENY** a COA and **DISMISS** this matter.

---

with an attached statement of work document, (2) the source selection criteria, and (3) the weapons maintenance technical evaluation packet.

Young's request to proceed on appeal *in forma pauperis* or *ifp* is **DENIED AS MOOT**.  Since we have reached the merits of his request for a COA, prepayment of fees is no longer an issue.  In any event, the relevant statute, 28 U.S.C. § 1915 (a), does not permit litigants to avoid payment of fees; only prepayment of fees is excused.  Accordingly, Young is required to pay all filing and docketing fees ($505.00).  Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge